Cutting, J.,
concurring, expressed his views as follows :
By R. S. of 1841, c. 91, § 26, the law in force at the time the rights of the parties accrued, and since continued by reenactment, it is provided that, — "No conveyance of any estate in fee simple, fee tail, or for life, and no lease for more than seven years from the making thereof, shall be good and effectual against any person, other than the grant- or, his heirs and devisees, and persons having actual notice thereof, unless it is made by deed recorded, as provided in this chapter.”
The object and design of the record are to give public notice; but, to one having actual notice, the record becomes immaterial — to all such actual notice is equivalent to a record notice, and, by the statute, they are identical in force and effect. For instance, A conveys to B by a deed not recorded and takes back a bond of defeasance unrecorded; ás between A and B the transaction constitutes a mortgage, but not so as to A’s creditors, having no actual knowledge of the deed and bond, and such may attach and levy upon the estate in fee as the absolute property of A. Not so as to A’s creditors, having actual knowledge of the deed and bond. Vide McLaughlin v. Shepherd, 32 Maine, 147, where this principle is discussed, and knowledge of a bond of defeasance unrecorded was held to be equivalent to a record and placed on the same footing as unrecorded deeds with notice.
*185 Now, what is a creditor to do tinder the statute and the decision before cited, delivered in 1850, and again reiterated and confirmed iu Purington v. Pierce, 38 Maine, 447, delivered in 1853, where this Court hold that, "to make a bond operative as a mortgage, it must bo recorded, still, if unrecorded, and a subsequent purchaser is chargeable with notice of its existence, such notice, as to him, is equivalent to the registration of the bond.”
The creditor not choosing to attach and levy upon the fee, the law would presume that he had notice of the bond of defeasance,' in which event he attaches and sells the equity of redemption. Any other presumption would be in opposition to that universal presumption, that every person is presumed to act according to his best interests and information ; that he 'would not take a part when he was justly entitled to the whole. Thus, by his acts, he virtually admits his knowledge.
Thus far the creditor is sustained by the statute as construed by this Court.
But it is contended that, inasmuch as the bond was assigned before the attachment, thereby the debtor’s equity was transferred, and he had no attachable interest. Such would be the legal result had the assignment been recorded, or the creditor chargeable with actual notice; neither of which propositions is pretended. Such assignee has neither the record, the statute, or the judicial construction of the statute for his protection.
Now, let me apply the foregoing principles to the case at bar. A conveys to B, who records his deed. B gives back a bond, which, if recorded, would have operated as a defeasance; C, a creditor, has knowledge of the bond and, as to him, the legal effect is as though the bond was recorded. He knows then that his debtor A has an equity of redemption and consequently an attachable interest, which fact is disclosed by his attachment, his acts. And why, should not such an equity be available? Because, says a third party, I had previous to the attachment an unrecorded assignment *186 of the bond. That would not be a sufficient answer, unaccompanied with the further averment that the creditor had knowledge of the assignment, but which, if averred, would present an issue of fact, and, as .that issue was settled, so would be settled the rights of the parties.
It must be so. Any other construction would open a wide door for the introduction of fraud. The creditor cannot compel his debtor to record his bond; and is the latter by his own neglect or obstinacy to prevent the former from the avails of a valuable equity through féar perhaps of secret or unknown assignment? I think not; and it might not be inequitable to hold that the assignee of an unrecorded bond and assignment, as against attaching creditors, held the premises in secret trust for the benefit of the mortgager.